# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

|  |  |
|---|---|
| KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, <br><br> Plaintiff, <br><br> vs. <br><br> USHBB, INC., JAMES A. MOORE, OSCAR H. BROWN, and ROBERT MECHAM. <br><br> Defendants. | Civil Action No. 3:15-cv-137 |

## MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT

COMES NOW the Receiver requesting an extension of time within which to serve Defendant Oscar Hubert Brown, III a/k/a O.H. Brown. The Complaint in this action against Mr. Brown was filed on March 26, 2015.

Federal Rule of Civil Procedure 4(m) sets forth as follows:

(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m)

After a thorough investigation, the Receiver only recently located a possible alternative address for Mr. Brown. Previous to finding this address, the Receiver made multiple attempts to serve Mr. Brown via FedEx at his last known address. After several unsuccessful attempts, the Receiver engaged Carolina Civil Process Service, a private investigation firm ("the Firm"). The Firm attempted to serve Mr. Brown in person at that address. The current occupant advised that Mr. Brown was not a resident at this address and was not known to the current occupant. The Firm then conducted an investigation and identified a possible alternative address. Several unsuccessful attempts were made at this address, until July 17, 2015. At that time, the Firm had personal contact with the current occupant, an unidentified female, who advised that Mr. Brown is a resident but currently out of state and his expected return date was unknown to her. She declined to identify herself and closed the door. The Firm subsequently attempted to effect service at that address ten additional times, to no avail.

In light of the apparent evasiveness of Mr. Brown and/or occupants at his residence, the Receiver believes that there is good cause for the failure thus far, warranting a mandatory extension. Nonetheless, even if the Court does not find good cause, the Receiver requests a discretionary extension pursuant to Rule 4(m) for a period of sixty days.

In light of the foregoing, the Receiver respectfully requests a sixty-day extension of time, up to and including September 26, 2015, within which to serve Mr. Brown with the Summons and Complaint in this matter.

Dated: July 28, 2015                                  Respectfully submitted,


/s/ Matthew E. Orso
Matthew E. Orso (NC Bar No. 42409)
Irving M. Brenner (NC Bar No. 15483)
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
(704) 373-4629
(704) 373-8823 (fax)
morso@mcguirewoods.com
ibrenner@mcguirewoods.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic copies to counsel of record registered to receive electronic service.

This 28th day of July, 2015.

/s/Matthew E. Orso