IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv137

| | | |
|---|---|---|
| KENNETH D. BELL, in his capacity as court-Appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| USHBB, INC., JAMES A. MOORE, OSCAR H. BROWN, and ROBERT MECHAM, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court upon Defendant James Moore's Motion to Set Aside Default Judgment, filed June 10, 2016. Default Judgment was entered against Defendant Moore on December 2, 2015.

The Complaint in this matter was filed on March 26, 2015, and service of process was effected on Mr. Moore on April 7, 2015, when he personally signed for the package containing the Summons and Complaint. Despite the Receiver's communications with Mr. Moore's counsel regarding an extension of time to answer until June 1, 2015, no answer was filed. Thereafter, on July 7, 2015, the Receiver filed an Application for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a). The Clerk of Court entered default against Mr. Moore on July 8, 2015. By the date of the Motion for Default on July 7, 2015, Mr. Moore and his counsel had been given over 3 months following service (which has never been contested) to answer the Complaint or otherwise plead in response to the Complaint, but failed to do so. Also, no motion for extension of time or other motion was filed by Mr. Moore prior to the Receiver's Motion seeking a default.

1

On September 15, 2015, Mr. Moore filed a document which the Court construed as a *pro se* answer in this lawsuit. In his filing, Mr. Moore failed to mention any reason why he had failed to answer the lawsuit until more than two months after the Clerk had entered default. Thereafter, on October 23, 2015, the Receiver filed a Motion for Default Judgment as to Mr. Moore. The Receiver correctly noted in this motion that under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause . . . ." The Receiver noted that Mr. Moore's much-belated answer failed even to acknowledge its untimeliness and provided no cause – much less good cause – that would allow the Court to set aside the entry of default.

On November 4, 2011, this Court issued a Notice of Hearing on the Receiver's Motions for Default Judgment against Mr. Moore and USHBB, setting the hearing for December 2, 2015. The Court then issued an Order on November 23, 2015, striking Defendant USHBB's answer, granting default judgment against USHBB, and setting a damages hearing for the same date as the default judgment hearing for Mr. Moore.

On December 2, 2015, the Court conducted the hearing as to default judgment regarding Mr. Moore, and damages regarding USHBB. Neither Defendant appeared at the hearing. The Court entered judgment against Mr. Moore the same day. As the Court determined and stated in its Order, the Clerk of Court had served both USHBB and Mr. Moore with notice of the December 2 hearing.

Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, the Court may set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect." The movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988).

The Fourth Circuit has held that where a defendant did not move to set aside the default judgment until more than two and one-half months had passed, the defendant did not act promptly. *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Co.*, 383 F.2d 249, 251 (4th Cir. 1967). Other courts have ruled similarly regarding the unreasonableness of this length of delay. *See In re Worldwide Web Systems, Inc. v. Feltman*, 328 F.3d 1291, 1297-98 (11th Cir. 2004) (defendant who learned of default judgment and waited nearly two months to move to set aside judgment did not demonstrate "good reason" for delay under Rule 60(b)(1)); *Pagan v. Am. Airlines, Inc.*, 534 F.2d 990, 993 (1st Cir. 1976) (delay of either four months and eleven days or two months and nine days in moving to set aside judgment unreasonable because "[a]ny loss of rights stems solely from the cumulative effect of appellant's own neglect and that of his newly retained attorney").

In addition, the Fourth Circuit has held that "a lawyer's ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b)." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (quoting *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989). As the Court made clear in *Robinson*, "attorney inattentiveness toward the pending litigation is not excusable under Rule 60(b)." *Id*.

Moore waited six months after judgment was entered to file this motion, more than a year and a month after he was initially required to answer. There is no excusable neglect that would warrant vacating the judgment at this late date. Moreover, the Court finds that setting aside default judgment would prejudice the Receiver, who has already worked, unsuccessfully thus far, to collect the Judgment against Mr. Moore, incurring legal expenses in doing so. To unravel this final Judgment at this belated date would harm the Receivership Estate in creating additional, duplicative expenses, which in the end harms the victim-claimants of the Zeek Rewards scheme.

Discovery is now complete, and the Receiver indicates that he will file a summary judgment motion against the remaining defendants herein. Accordingly,

IT IS THEREFORE ORDERED that Defendant Moore's Motion to Set Aside Default Judgment is hereby DENIED.

Signed: September 15, 2016

Graham C. Mullen
United States District Judge